Clara ALEXANDER, et al., Plaintiffs,

v.

Renee HILL, et al., Defendants.

No. C–C–74–183–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Dec. 20, 1982.

See also, D.C., 553 F.Supp. 1263.

Legal Services of Southern Piedmont, Inc., Charlotte, N.C., Reita P. Pendry, Lark Hayes and Pal Silberman, Charlotte, N.C., for plaintiffs; Jean M. Cary, Raleigh, N.C., of counsel.

Steven M. Shaber, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, N.C., William H. McNair and Marvin A. Bethune, Ruff, Bond, Cobb, Wade & McNair, Charlotte, N.C., and William Woodward Webb, Broughton, Wilkins & Webb, P.A., Raleigh, N.C., for defendants.

### ORDER

McMILLAN, District Judge.

On November 4, 1982, the court entered an order in this case granting further relief to plaintiffs, a class of AFDC and Medicaid applicants in North Carolina. The further relief consisted primarily of requiring defendants to pay to each successful applicant for AFDC or Medicaid benefits fifty dollars for each week that his or her application is delayed without "good cause" beyond the federally prescribed time limits for processing such applications. Defendants then filed a timely motion to amend that order in three respects:

■ 1. In ¶ 8 of the order, the court required defendant to "submit to plaintiffs' counsel a monthly report of the total number of cases received by the Disability Determination Section each month, as well as the number of cases overdue with 'good cause' and overdue without 'good cause.' "

Defendants ask that they be allowed to report each month on cases that have been decided rather than on cases that are pending. They claim that reporting on pending cases is more burdensome and will divert energy from evaluating disability. They also argue that there is no need to report on pending cases given the scheme of penalties that is in effect. Because the imposition of sanctions is not contingent upon the number of cases overdue without "good cause," the only purpose of reporting, say defendants, is to let the court and plaintiffs' counsel know whether progress is being made. Defendants contend that this will be made amply apparent by reports on cases as decided.

Arguing against the amendment, plaintiffs suggest that monthly reporting on pending cases will force defendants to examine these cases regularly and will thereby help secure compliance with the processing regulations. They are probably right about that. However, on balance the court believes that defendants' request is reasonable and will, for the present at least, allow their first motion.

■ 2. In ¶ 12 of the order, the court held that the remedial fine paid to a successful applicant shall not "be treated as income or reserve for the purpose of determining public assistance eligibility or benefit levels." Defendants have moved to change the words "public assistance" to "Medicaid or AFDC." They say that not to do so would (a) force defendants to violate statutes, regulations, and policy directives; (b) affect other state administrators not parties to this action, in violation of the Constitution; and (c) provide recipients a windfall.

On the record before it, the court is unconvinced that the consequences are as dire as defendants suggest. Moreover, the parties have not proposed any way to rewrite this paragraph that would not undermine the purposes of the court's order. Defendants' second motion is therefore denied.

3. Defendants have proposed a new ¶ 10 of the findings of fact dealing with retroactive and prospective Medicaid benefits. Their chief concern is that the court refers to "two types of applications" where it should speak of two aspects of a single application. Paragraph 10 of the findings shall be amended as provided for below.

IT IS THEREFORE HEREBY ORDERED THAT:

1. Defendants' motion to amend ¶ 8 of this court's order of November 4, 1982, is granted, and ¶ 8 is changed to read as follows:

8. That the defendants shall submit to plaintiffs' counsel a monthly report of the total number of cases received by the Disability Determination Section each month, as well as the number of cases decided; the report of the decided cases shall indicate how many were overdue *with* "good cause" and how many were overdue *without* "good cause."

2. Defendants' motion to amend ¶ 12 of the November 4, 1982 order is denied.

3. Defendants' motion to amend ¶ 10 of the findings of fact of November 4, 1982, is allowed in part, and ¶ 10 is changed to read as follows:

10. Defendants have further delayed the processing of Medicaid applications by refusing to treat the retroactive and prospective aspects of the applications separately. Such delays are not reflected in defendants' monthly statistics.

Defendants acknowledge the good sense of processing these two aspects of an application separately since the county may have the information necessary to process one but not the other. Defendants therefore have indicated their agreement henceforth to require their local agencies to process the retroactive and prospective aspects of Medicaid applications separately. They further agree to process each aspect of the application within five days of receiving all information necessary to do so.